IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY D. LEWIS,** Petitioner, | : : : | |
| v. | : : | **CIVIL ACTION NO. 16-2882** |
| **TAMMY FERGUSON, *et. al.*,** Respondents. | : : : : | **FILED** AUG 2 5 2017 KATE BARKMAN, Clerk By_____Dep. Clerk |

## ORDER

**AND NOW,** this 25th day of August 2017, upon careful and independent consideration of the *pro se* Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of the United States Magistrate Judge Elizabeth T. Hey, and the objections thereto, it is hereby **ORDERED** that:

1. The R&R is **APPROVED** and **ADOPTED**;[1]

2. Petitioner's Objections are **OVERRULED**;[2]

---

[1] Where, as here, the petition has been referred to a magistrate judge for a report and recommendation ("R&R"), a district court conducts a *de novo* review of "those portions of the report or specified proposed finding or recommendations to which objection is made," and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] Following a bench trial in 2007, Petitioner was convicted of carrying a firearm on a public street, possession of a firearm by a convicted felon, reckless endangerment, and resisting arrest, and sentenced to four-to-eight years of imprisonment. Petitioner filed an untimely appeal, which was quashed by the Superior Court, and then filed a counseled petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"). Petitioner voluntarily withdrew the PCRA petition in 2012 after being paroled. While out on parole, Petitioner was arrested for a separate offense and re-committed as a parole violator on January 6, 2015. Because Petitioner received no credit for his street time, he is still imprisoned pursuant to his 2007 conviction, and his recalculated maximum sentence will end on September 18, 2018.

On June 6, 2016, Petitioner filed the present Petition challenging his 2007 conviction pursuant to 28 U.S.C. § 2254. Petitioner argues that: (1) trial counsel was ineffective for failing to present certain witnesses; (2) the PCRA court unduly delayed his proceedings and failed to hold a hearing on his petition; (3) PCRA counsel was ineffective for failing to advise him that he could be re-incarcerated for parole violations after his initial release; and (4) the bench trial violated his rights under the Fifth and Sixth Amendments.

The R&R concluded that the Petition was barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations because it was filed more than four years after Petitioner's conviction

3. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

4. There is no probable cause to issue a certificate of appealability[3]; and

5. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED.**

BY THE COURT:

*/s/ Cynthia M. Rufe, J.*
CYNTHIA M. RUFE, J.

---

became final, even accounting for statutory tolling while Petitioner pursued his PCRA petition. *See* R&R at 6-8 (citing 28 U.S.C. § 2244(d)). The R&R also concluded that Petitioner was not entitled to equitable tolling because nothing extraordinary prevented him from asserting his rights and he was not diligent in pursuing habeas relief. R&R at 8-10; *see also, e.g., Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). The Court agrees.

In his Objections, Petitioner appears to acknowledge that the Petition was filed after AEDPA's statute of limitations expired, but argues that he is entitled to equitable tolling because he is actually innocent and because he was convicted without a trial or a guilty plea. Petitioner's assertions of innocence are conclusory and belied by the record; they do not establish an entitlement to equitable tolling. *See Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at *8 (E.D. Pa. Aug. 18, 2014) (finding that "conclusory statements" did not "establish a credible actual innocence claim that would excuse Petitioner's delay in filing his federal habeas petition"). Nor is there any merit to Petitioner's assertion that he was convicted without a trial. *See* N.T. 11/1/07 at 30:3-38:25 (trial).

Construing the Objections liberally, Petitioner also appears to argue that the cause of his untimely filing was PCRA counsel's failure to inform him that voluntarily dismissing his PCRA petition might render any future federal habeas claims time-barred. But as the R&R concluded, even assuming that PCRA counsel was ineffective, Petitioner waited more than a year after his re-incarceration to file his federal Petition and therefore has not diligently pursued his rights. *See* R&R at 10; *see also McKeithan v. Varner*, 108 F. App'x 55, 59 (3d Cir. 2004). Thus, Petitioner is not entitled to equitable tolling.

[3] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

2